**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BENJAMIN BURGESS, RHONDA BURGESS, HEIDI HOWARD, JOYCE MARTIN, BETH KARAMPELAS, TERRI DACY, and MICHAEL DACY, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | **CIVIL ACTION** <br><br> **FILE NO.   1:13-cv-02217** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RELIGIOUS TECHNOLOGY CENTER, INC., ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL, NARCONON INTERNATIONAL, and NARCONON OF GEORGIA, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

**BRIEF IN SUPPORT OF DEFENDANT ASSOCIATION FOR BETTER
LIVING AND EDUCATION INTERNATIONAL'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

## I.   INTRODUCTION

The central, overarching allegation in the 172 paragraphs of Plaintiffs' Class

Action Complaint (the "Complaint") is that Plaintiffs should get their money back

for alleged insufficient treatment at a drug and rehabilitation facility.  None of the

named Plaintiffs, however, were enrolled in Defendant Narconon of Georgia, Inc.'s  ("NNGA") program, none of them received program services at the facility, and none of them specifically allege that the individuals on whose behalf they paid enrollment fees did not receive program services from NNGA.  Consequently, no named Plaintiff has stated a cognizable claim against Defendant Association for Better Living and Education International ("ABLE").   Notably, there are no specific allegations of any actions taken by ABLE in the Complaint.   ABLE is merely an add-on party to a complaint that focuses on the actions of other Defendants.

ABLE is a California non-profit corporation, recognized as tax exempt under Internal Revenue Code section 501(c)(3), that serves as a coordinating body for four community outreach programs based upon the principles and technology of L. Ron Hubbard, the founder of the Scientology religion: Applied Scholastics International, Criminon International, The Way To Happiness Foundation International, and co-Defendant Narconon International ("NN International"). ABLE owns and licenses various trademarks and service marks, including the mark "Narconon," and allows parties to sublicense the use of the marks to other organizations in the field of drug rehabilitation and education.  ABLE licenses the Narconon mark to NN International, which in turn licenses the mark to

independent Narconon drug rehabilitation facilities throughout the world, including the NNGA facility in Norcross, Georgia.

The Complaint focuses on the religious beliefs of the Church of Scientology. Plaintiffs make specific allegations about Defendants' connections to the Church of Scientology (Compl. ¶¶ 80-81) and place at the top of their list of alleged fraudulent misrepresentations that Defendants "misrepresented their connection to Scientology and the origins of Narconon 'technology,' including the origins of the New Life Detoxification Program and the written course materials." (Compl. ¶ 111(a)).

The truth is that none of this should matter to Plaintiffs. Plaintiffs in this proposed class action lawsuit seek to represent "all individuals who have paid money to one or more of the Defendants to procure drug or alcohol rehabilitation services at NNGA for themselves or others . . . ." (Compl. ¶ 31). Plaintiffs claim to have suffered "actual physical, mental, and economic harm" (Compl. ¶ 34) and, in their prayer for relief, seek "[r]estitution of all money and other property received by Defendants from the Plaintiffs and class members" (Compl. at 40). It is readily apparent from the nature of Plaintiffs' claims that the theories of liability and damages sought in this case depend upon the unique facts and circumstances surrounding: (1) the treatment, experiences, response, and outcome of each

putative class member who sought treatment through NNGA; (2) the reason each putative class member provided payment on behalf of others or paid for himself to enroll in a drug and alcohol rehabilitation and treatment facility, including NNGA; and (3) the "who, what, when, where, and how" of the alleged misrepresentations, and the nature, extent and reasonableness of any reliance thereon, all of which are highly individualized inquiries.

Plaintiffs allege that ABLE breached a written agreement despite the fact that ABLE is not a party to any contract with any of the named Plaintiffs. Plaintiffs also allege six counts of fraud and violations of the Georgia RICO statute but wholly fail to plead these claims with the particularity required by Federal Rule of Civil Procedure 9(b).  In addition, Plaintiffs assert a number of claims that are simply not recognized as viable claims under Georgia law.  Finally, the named Plaintiffs do not even have standing to bring these claims.

This case is not a referendum on the tenets of the Scientology religion or the basis for the Narconon program.  Rather, the focus of this case must be on the letter of the law, both with respect to the propriety of class treatment and the merits of Plaintiffs' class claims.  As explained in detail below, Plaintiffs have failed to state a single claim against ABLE upon which relief can be granted.  Accordingly, the claims against ABLE should be dismissed.

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).   In reviewing the allegations, however, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The law "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.   Factual allegations that are "'merely consistent with' a defendant's liability" fall short of being facially plausible.  *Id.*, quoting *Twombly*, 550 U.S. at 557.

### A.    Plaintiffs Have Failed To State A Claim for Breach of Contract (Count Two)

#### 1.    *ABLE cannot be sued for breach of contract because it is not a party to a written contract with any named Plaintiffs.*

It is a fundamental element of contract law that "a person who is not a party to a contract (i.e., is not named in the contract and has not executed it) is not bound by its terms." *Plaza Props., Ltd. v. Prime Bus. Investments, Inc.,* 240 Ga. App. 639, 642, 524 S.E.2d 306 (1999) *aff'd*, 273 Ga. 97, 538 S.E.2d 51 (2000), quoting

*Martin v. Pierce*, 140 Ga. App. 897, 899, 232 S.E.2d 170 (1977).  Courts should dismiss any breach of contract claim against a party not named in the contract.  *See Martin*, 140 Ga. App. at 899.

Plaintiffs have not identified any actual contract between any of them and ABLE.  Plaintiffs, as the responsible financial party for patients' obligations, are each a party to a separate "Financial Policy and Agreement" with NNGA.  Plaintiffs also signed an Admission and Services Agreement and related documents with NNGA that identify and describe the program services provided by NNGA.  These documents contain the terms of the written agreement between the signatory parties and govern the relationship between those parties.[1]  Notably, however, NNGA is the only Defendant who signed any of these documents.  ABLE is not a party to any of these documents and therefore cannot be sued for a breach of that "written contract with the Plaintiffs and the class members."

---

[1] True and correct copies of these documents signed by Plaintiffs Howard, Karampelas, Martin, and Rhonda Burgess are attached hereto as Exhibit "A."  A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is central to the plaintiff's claim and undisputed; that is, that the authenticity of the document is not challenged.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Though ABLE is not a party to any contract with Plaintiffs, to the extent the Court finds otherwise, ABLE joins and incorporates by reference under Fed. R. Civ. P. 10(c) NNGA's arguments that Plaintiffs' breach of contract claim should be dismissed.

(Compl. ¶ 115). This is reason enough to dismiss the breach of contract claim against ABLE.

2. *Plaintiffs have failed to allege a breach of any provisions of any written contract connected to their relationship with NNGA.*

Even assuming that ABLE is bound by the contracts to which it is not a party, Plaintiffs have failed to identify an actual breach of that contract by ABLE. A party cannot recover for breach of a written contract when the documents do not contain the terms he seeks to enforce through his breach of contract claim. *Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645, 647, 629 S.E.2d 468 (2006). "It is . . . well settled that [p]arol negotiations and stipulations preceding the making of a written contract are merged in the written contract, and parol evidence is inadmissible to vary the terms of a written contract or to contradict terms of a written contract which is valid on its face." *Id.*, quoting *Green v. Ford Motor Credit Co.,* 146 Ga. App. 531, 532, 246 S.E.2d 721 (1978). A plaintiff cannot seek to enforce an oral agreement that varies the clear terms of the written contract. *Id.*

In claiming that ABLE breached the "written contract with the Plaintiffs and the class members" (Compl. ¶ 115), Plaintiffs allege that ABLE breached this written agreement (again, to which it was not a party) in the following ten separate ways:

A. Misrepresenting their connection to Scientology and the origins of Narconon "technology," including the origins of the New Life Detoxification Program and the written course materials;

B. Manipulating the law and providing false information to regulators in order to avoid meaningful oversight, while continuing to represent to potential patients that NNGA was fully compliant with all applicable laws and regulations;

C. Misrepresenting the health effects and addiction-treating properties of the sauna, the mega-doses of niacin, and other components of the New Life Detoxification Program;

D. Falsely representing that scientific evidence supported the effectiveness of the New Life Detoxification Program;

E. Misrepresenting the success rate of the Narconon program;

F. Misrepresenting that Narconon offered a "complete cure" for addiction;

G. Misrepresenting the nature of the training given to their staff members;

H. Falsely representing that its staff members were certified in addiction counseling;

I. Misrepresenting that the Narconon program is more effective than any other rehab program and/or that it is the only program that can "cure" addiction; and

J. Failing to provide a drug-free environment for its patients.

(Compl. ¶ 117).

But neither the Admission and Services Agreements between Plaintiffs and NNGA nor any other document contains any of these alleged affirmative misrepresentations identified in Plaintiffs' Complaint. (Ex. A). Plaintiffs cannot

- 8 -

sue ABLE for breaching a contract based solely upon alleged representations that are not contained in the contract itself.  Accordingly, Plaintiffs' breach of contract claim against ABLE should be dismissed.

### B. Plaintiffs Have Failed To Plead Their Fraudulent Misrepresentation Claim With The Particularity Required by Rule 9(b) (Count One)

In a complaint, a party must state with particularity the circumstances constituting fraud.  Fed. R. Civ. P. 9(b).  Plaintiffs must identify all false representations made by defendants that are at issue and describe the precise statement and its contents, how those contents were misleading, the time and place of the statement, and the person making the statements.  *U.S. ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1310 (11th Cir. 2002).  The purpose of this requirement is "to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery."  *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996).

Plaintiffs' Complaint fails to meet nearly all of the requirements for pleading a fraud claim under Rule 9(b).  As to the "who, when, and where" requirements, Plaintiffs only allege that they "spoke with one or more employees of NNGA and/or International, and/or [were] provided with marketing materials regarding

NNGA's program."  (Compl. ¶¶ 2, 6, 10, 14, 17).  Plaintiffs each claim to have relied on the same six "representations made by NNGA and/or International in choosing to enroll" but fail to identify the source of any of those representations, the person(s) making those representations, the time and place of the representations, and how they were misleading.  (Compl. ¶¶ 3, 7, 11, 15, 18).

The Complaint contains no specific representations attributed to any identified representative of ABLE, much less the precise statement, its contents, and the time or place it was made.  These facts are particularly important in a class action such as this, where Plaintiffs have alleged that "the nature of the Defendants' representations, statements, [and] advertising" is one of the major questions of law and fact common to the class.  (Compl. ¶ 33).  Plaintiffs may not vaguely plead these crucial elements of their fraud claims.  Rule 9(b) exists to protect ABLE from precisely this situation, and for that reason Plaintiffs' fraudulent misrepresentation claim should be dismissed.

## C.    Plaintiffs Have Failed To Properly Plead Claims Under Georgia's RICO Act (Counts Six Through Ten)

Plaintiffs' Complaint contains sweeping, broad allegations that the Defendants have violated the Georgia RICO Act through six separate predicate acts.  These claims fail as well.

1.   *Plaintiffs have failed to plead their RICO claims with the particularity required by Rule 9(b).*

As discussed above, to state a claim for fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Civil RICO claims, "which are essentially a certain breed of fraud claims," are subject to the same heightened pleading requirements. *Dalton v. State Farm Fire and Cas. Co.*, No. 1:12-CV-02848-RWS, 2013 WL 1213270, at *3 (N.D. Ga. Mar. 22, 2013), citing *Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1316 (11th Cir. 2007).

To satisfy this standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud. *Ambrosia Coal*, 482 F.3d at 1316-17. Specifically, complaints containing RICO claims do "not meet the Rule 9(b) particularity standard [when they are] devoid of specific allegations with respect to each defendant [or when] the plaintiffs lump[] together all of the defendants in their allegations of fraud." *Id.* at 1317, citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997). "[I]n a case involving multiple defendants . . . the

complaint should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal*, 482 F.3d at 1317, citing *Brooks*, 116 F.3d at 1381.

Merely restating fraud allegations, as Plaintiffs have done here, is insufficient to state a claim under the Georgia RICO Act, particularly when the fraud allegations are also improperly pled. *See Dalton*, 2013 WL 1213270 at *3. In their Complaint, Plaintiffs make only vague, redundant, conclusory allegations that ABLE violated the law but fail to identify with particularity any specific acts needed to state a RICO claim. *Brooks*, 116 F.3d at 1381. Accordingly, Plaintiffs' RICO claims against ABLE should be dismissed.

> 2. *Plaintiffs have failed to allege that ABLE's RICO violations were the proximate, "but for" cause of their injuries.*

In order to state a claim under Georgia's RICO statute, a plaintiff must allege that defendants acquired an interest in or control of money or property through a pattern of racketeering activity. O.C.G.A. §§ 16-14-3, 16-14-4. Georgia law also requires that a plaintiff allege that the predicate act was both the "but for" and proximate cause of his injury. *See G&G TIC, LLC v. Ala. Controls Inc.*, No. 4:07-CV-126, 2008 WL 4457876, at *6 (M.D. Ga. Sept. 29, 2008). If the alleged injury did not occur "by reason of" the RICO predicate offense, a plaintiff's claims must be dismissed. *Id.*, citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

In short, Plaintiffs contend that they should be reimbursed the money paid for services at NNGA.  Plaintiffs allege that "almost none of the patients who complete Narconon's unscientific and dangerous program will have achieved sobriety or sufficient tools for managing their addictions."  (Compl. ¶ 106). Alleged misrepresentations about ABLE's practices (Compl. ¶¶ 134, 142), alleged false statements to government entities (Compl. ¶ 150), and allegedly opening credit cards in Plaintiffs' names (Compl. ¶¶ 159, 167) have no connection whatsoever to the efficacy of the treatment provided at NNGA.

Plaintiffs have failed to show that the alleged RICO violations were the "but for" and proximate causes of any injuries they allegedly suffered.  Ultimately, the fact that the program may not have worked for a particular student has no connection to the representations made by any Defendant prior to a patient receiving treatment.  Accordingly, Plaintiffs' RICO claims should be dismissed.

### D.    Plaintiffs Do Not Properly Allege That Representations From ABLE Were Made Through Mail or Wire.  (Count Seven)

Plaintiffs premise Count Seven on alleged mail and wire fraud but fail to sufficiently allege that their injuries were "by reason of" mail or wire fraud.  *See Brantley v. Muscogee Cnty. Sch. Dist.*, No. 4:10-CV-77, 2011 WL 3706567, at *7-8 (S.D. Ga. Aug. 24, 2011).  In order to show that any injury was proximately caused by the predicate act of mail or wire fraud, Plaintiffs must allege "that any

- 13 -

fraud against them was via the mail or wires." *Id.* at *7.  Moreover, if a fraudulent message was made by mail or wire but was not made to Plaintiffs,  they cannot allege that their injury occurred "by reason of" the alleged pattern of racketeering activity.  *Id.*; *see also Danielson v. DBM, Inc.*, No. 1:05-CV-2091-WSD, 2006 WL 3246581, at *3 (N.D. Ga. July 31, 2006) (dismissing RICO claim because "[t]here [was] no allegation that any or all of the Plaintiffs relied on a mail or wire communication in making the purchases they allege[d]").

Here, Plaintiffs generally assert that misrepresentations were made through the mail, telephone, wire facilities, and/or the Internet.   (See Compl. ¶ 142). Plaintiffs do not, however, specifically state that they *received* those allegedly false representations by way of mail or wire.  Plaintiffs make broad allegations that they "found NNGA through an Internet search" (Compl. ¶¶ 2, 6, 10, 14, 17) and that "[p]atients are frequently referred to the NNGA program through services provided on Internet websites and through toll-free telephone numbers" (Compl. ¶ 87), but neither of those statements indicate fraud or rises to the level of a proper mail or wire fraud allegation as defined by 18 U.S.C. §§ 1341, 1343.  (Compl. ¶ 141).  It is insufficient to vaguely allege that misrepresentations were made "through the mail, telephone, wire facilities, and/or Internet" (Compl. ¶ 142).  *Danielson*, 2006 WL

3246581, at *3; *Evercrete Corp. v. H-Cap Ltd.*, 429 F.Supp.2d 612, 631 (S.D.N.Y. 2006).

Moreover, while they list numerous representations made by various Defendants, Plaintiffs do not identify a single letter or email that contained any alleged misrepresentations by ABLE through the mail or wire.   Rather, all Plaintiffs make the same vague allegations that they "spoke with one or more employees of NNGA and/or International, and/or [were] provided with marketing materials regarding NNGA's program." (Compl. ¶¶ 2, 6, 10, 14, 17).   Plaintiffs have failed to state that any conversation or correspondence from ABLE was made via mail or wire and, therefore, have failed to allege that they were injured by reason of the alleged predicate act.   Accordingly, Plaintiffs' claim against ABLE for Civil RICO based on the predicate acts of mail and wire fraud should be dismissed.

### E.   Plaintiffs Howard, Martin, And Karampelas Do Not Allege Actions By ABLE That Support A Claim For Civil RICO For Credit Card or Identity Fraud.   (Counts Nine and Ten)

Count Nine of Plaintiffs' Complaint alleges that ABLE violated O.C.G.A. § 16-14-3 "by committing at least two acts of unlawful use of financial transaction cards, as defined by O.C.G.A. §§ 16-9-31 through 16-9-33."   (Compl. ¶ 158). Specifically, Plaintiffs allege that "Defendants . . . opened several high interest

credit cards in the name of NNGA's patients and/or patients' family members, without their permission, and used those credit cards to pay for NNGA's fees." (Compl. ¶ 159).   These allegations form the basis for claims of identity fraud under O.C.G.A. §§ 16-9-121 as well.   (Compl. ¶¶ 166-167).

While Plaintiffs do allege that ABLE "opened several high interest credit cards in the Burgesses' [and Dacys'] names"[2] (Compl. ¶¶ 4, 19), they fail to make similar allegations concerning these actions with respect to Howard, Martin, and Karampelas.   Because these Plaintiffs fail to allege that ABLE committed any unlawful action towards them with respect to financial transaction cards or identity, they fail to state a claim for Civil RICO based on Credit Card or Identity Fraud.   Accordingly, Plaintiffs Howard's, Martin's, and Karampelas' claims for Civil RICO for Credit Card Fraud and Identity Fraud against ABLE should be dismissed.

---

[2] As discussed above, Counts 9 and 10 should be dismissed as to the Burgesses and the Dacys because they failed to plead those counts with the requisite particularity and failed to allege that any RICO violations were the proximate, "but for" cause of their injuries.

**F.     Plaintiffs Have No Claim for Unjust Enrichment Given Their Written Contract With NNGA And Their Failure To Confer A Benefit To ABLE (Count Three)**

An unjust enrichment claim exists when, as a matter of fact, there is no legal contract, but a defendant has been conferred a benefit that it equitably ought to return or compensate.  *Tuvim v. United Jewish Cmtys., Inc.*, 285 Ga. 632, 680 S.E.2d 827 (2009).  "An unjust enrichment theory does not lie where there is an express contract."  *Am. Teleconferencing Servs., Ltd. v. Network Billing Sys., LLC*, 293 Ga. App. 772, 778, 668 S.E.2d 259 (2008), quoting *Donchi, Inc. v. Robdol, LLC*, 283 Ga. App. 161, 167, 640 S.E.2d 719 (2007).

This rule is applicable even in the present circumstances, where Plaintiffs have an express contract with NNGA but not with ABLE.  Plaintiffs are limited to recovery, if any, under that contract.[3]  While Plaintiffs may have a contractual right to assert claims against NNGA, they cannot assert a similar claim directly against ABLE simply by labeling it as one for unjust enrichment.  *Brown v. Cooper*, 237 Ga. App. 348, 350-51, 514 S.E.2d 857 (1999).

_____

[3] In fact, the bases for the unjust enrichment claim in Count Three and the breach of contract claim in Count Two are nearly identical, with Plaintiffs claiming that Defendants "breached their contractual duties" in ten specific ways and listing those same ten items as predicate acts in Count Three.  (Compl. ¶¶ 117, 120).

Further, Plaintiffs' unjust enrichment claim also fails because they do not allege that they conferred a benefit directly to ABLE for which they have not been compensated.  *See Smith Serv. Oil Co. Inc. v. Parker*, 250 Ga. App. 270, 271, 549 S.E.2d 485 (2001).  To the extent that ABLE was conferred any benefit related to the Plaintiffs' contracts with NNGA, the benefit was conferred by NNGA and not by Plaintiffs.  *Brown*, 237 Ga. App. at 350.  There is no authority under Georgia law that allows Plaintiffs to pursue an unjust enrichment claim against any third party who indirectly received a benefit related to their relationship with NNGA.  *See Brenner v. Future Graphics, LLC*, 258 F.R.D. 561, 576 (N.D. Ga. 2007).  Accordingly, Plaintiffs' unjust enrichment claim against ABLE should be dismissed.  *Id.*

### G.     There Is No Such Thing As A Claim for Detrimental Reliance In Georgia (Count Four)

Georgia law does not recognize "detrimental reliance" as an independent cause of action.  While detrimental reliance is an element of doctrines such as equitable estoppel (*Dukes v. Board of Trustees for Police Officers Pension Fund*, 280 Ga. 550, 629 S.E.2d 240 (2006)) and claims like negligent misrepresentation (*Brady v. Dandridge*, 190 Ga. App. 543, 379 S.E.2d 429 (1989)), it does not stand alone as a viable form of recovery.  Accordingly, Plaintiffs' claim for "detrimental reliance" against ABLE must be dismissed.

**H.     Plaintiffs Fail To State A Claim For Negligence *Per Se* (Count Five)**

Given that there is no mention of ABLE within Count Five of the Complaint, it appears that Plaintiffs only allege this claim against NNGA.  This makes sense because ABLE is not regulated by the statutes that Plaintiffs rely upon to support their claim.  But even if this particular claim is asserted against ABLE, it cannot survive.

Negligence *per se* arises when a statute is violated, the person injured by the violation is within the class of persons the statute was intended to protect, and the harm complained of was the harm against which the statute was intended to guard. *Chancey v. Peachtree Pest Control Co., Inc.*, 288 Ga. App. 767, 771, 655 S.E.2d 228 (2007).  Plaintiffs' negligence *per se* claim fails because the laws allegedly violated do not provide for private rights of action.   "[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof." *Govea v. City of Norcross*, 271 Ga. App. 36, 41, 608 S.E.2d 677 (2004), citing *Mattox v. Yellow Freight Sys.,* 243 Ga. App. 894, 895-96, 534 S.E.2d 561 (2000). When there is nothing in the legislative scheme that evidences any intent for noncompliance with a statute or regulation to create a private right of action for damages by an alleged victim of the violation, there is no claim for negligence *per*

*se*.  *See Govea*, 271 Ga. App. at 41-42, citing *Reilly v. Alcan Aluminum Corp.,* 272

Ga. 279, 528 S.E.2d 238 (2000).

The statute alleged to have been violated, O.C.G.A. § 26-5-3, merely

provides definitions and does not contain a private right of action.  Georgia law

also authorizes the Georgia Departments of Community Health and of Human

Services to enforce the regulations at issue but does not provide that same right to

individual citizens.  O.C.G.A. § 26-5-18; Ga. Comp. R. & Regs. 290-4-2-.27.

In a similar case before the Georgia Court of Appeals, a plaintiff attempted

to charge a dentist with negligence *per se* for violation of a Georgia Board of

Dentistry regulation concerning licensing and discipline.  *Brown v. Belinfante*, 252

Ga. App. 856, 557 S.E.2d 399 (2001).  While the rule at issue did serve to regulate

the dental profession, it did "not establish a standard of conduct, the violation of

which creates civil liability against" the defendant.  *Id.* at 861.  As in *Brown*, any

question of liability for violation of these particular regulations is a question for the

Department of Health, not the courts.  *See id.*  Accordingly, Plaintiffs' claim for

negligence *per se* against ABLE should be dismissed.

**I.    Plaintiffs Lack Standing To Bring Any of These Claims Because
        They Have Not Suffered An Injury-In-Fact (All Counts)**

Standing is a threshold jurisdictional question that must be addressed prior to

and independent of a party's claims.  *See Swann v. Sec'y, Ga.*, 668 F.3d 1285,

1288 (11th Cir. 2012).   Plaintiffs' Complaint fails to identify any actual or imminent injury, causation, or redressability required to satisfy Article III standing. At the motion to dismiss phase, a complaint must set forth specific facts from which the court can determine standing.   The court may not simply "imagine" an injury; rather, the plaintiff must "clearly and specifically set forth facts sufficient to satisfy [Article III]." *Am. Civil Liberties Union of Fla. v. Miami Dade-Cnty. Sch. Bd.*, 557 F.3d 1177, 1197 (11th Cir. 2009).   "[T]o satisfy the injury prong of Article III standing, a plaintiff must 'present "specific, concrete facts" showing that the challenged conduct will result in a "demonstrable, particularized injury" to the plaintiff.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 984 (11th Cir. 2005). Moreover, "there must be a causal connection between the injury and the conduct complained of-the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Although Plaintiffs vaguely claim that they "suffered a common injury arising out of the Defendants' common course of conduct" and reference "actual physical, mental, and economic harm," they fail to identify the specific injury or harm allegedly suffered.  (Compl. ¶ 34).  The law requires more.  A plaintiff is

required to set forth specific allegations of concrete, cognizable injuries and not just perceived dissatisfaction with a defendant's actions.  Plaintiffs have not only failed to specify their alleged injuries, but they also make no attempt to connect them to ABLE's actions as required by the Supreme Court.  *See Lujan*, 504 U.S. at 560.

While the facts in the cases discussed below are not identical to the facts alleged here, the legal analysis, logic, and rationale of these cases ring true and should be followed here.  Many courts have dismissed product defect cases, finding that mere dissatisfaction without an actual injury is insufficient to confer standing.  Citing the Supreme Court decisions in *Twombly* and *Iqbal*, the Eleventh Circuit affirmed dismissal of a plaintiff who lacked standing when she alleged that a pharmaceutical company fraudulently misrepresented facts about the efficacy of one of its drugs.  *Ironworkers Local Union 68 v. AstraZenica Pharms., LP*, 634 F.3d 1352 (11th Cir. 2011).  The court found that the plaintiff "failed to assert . . . basic and essential facts" such as whether the drug had "proved unsafe or ineffective in treating her condition."  *Id.* at 1369-70.

More recently, a Northern District of Alabama trial court ruled that a plaintiff lacks standing in an alleged "benefit of the bargain" case when he fails to allege a concrete, cognizable injury resulting from a purchase.  *Veal v. Citrus*

- 22 -

*World, Inc.*, No. 2:12-CV-801-IPJ, 2013 WL 120761, at *4 (N.D. Ala. Jan. 8, 2013). In a lawsuit premised on allegations that a juice manufacturer made false representations about the quality of its products, the court found that mere after-the-fact dissatisfaction did not confer standing on the plaintiff. The court's conclusion—that the plaintiff failed to properly "explain how buying the packaged orange juice, when he wanted packaged orange juice, injured him"—is in line with that of numerous other courts:

> Many courts have held that "benefit of the bargain" theories of injury like plaintiff's, where a plaintiff claims to have paid more for a product than the plaintiff would have paid had the plaintiff been fully informed (or that the plaintiff would not have purchased the product at all), do not confer standing.

*Id.* at *4.

Within the last year, the Northern District of California became the latest in this line of courts requiring a paying customer to show an actual problem with the purchase in order to bring a lawsuit in federal court. In *Boysen v. Walgreen Co.*, No. C 11-06262, 2012 WL 2953069 (N.D. Cal. July 19, 2012), the court held that the plaintiff failed to allege injury required to establish standing when he claimed only that the contents of a juice product were unsatisfactory to him. The fatal flaw in the *Boysen* plaintiff's complaint was that he failed to allege that any of the defendant's missteps actually caused any injury or physical harm to him.

In a similar case, the Third Circuit affirmed a trial court's ruling that the plaintiff failed to plead cognizable injury and therefore lacked Article III standing because the product was simply "unacceptable" to her but caused no other injury. *Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 259 (3d Cir. 2010). "Absent any allegation that she received a product that failed to work for its intended purpose or was worth objectively less than what one could reasonably expect, Koronthaly has not demonstrated a concrete injury-in-fact." *Id. See also Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (holding that plaintiffs lacked standing because they failed to allege that the drug was ineffective, and as such, did not allege that they had not received the benefit of the bargain); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960-61, n.4 (9th Cir. 2009) (finding plaintiffs failed to establish standing because they had personally not experienced the problem alleged in the complaint).

As in these cases discussed above, none of the Plaintiffs in this case alleges a cognizable injury resulting from ABLE's alleged breach of contract or misrepresentations. The common thread among the named Plaintiffs and the putative class members is merely that they "paid money to one or more of the Defendants to procure drug or alcohol rehabilitation services at NNGA for themselves or others . . . ." (Compl. ¶ 31). As alleged, Plaintiffs paid for NNGA

program services, which were provided.   While these named Plaintiffs may be dissatisfied with the NNGA program services, none of them actually participated in the program, and there are no allegations that the individuals on whose behalf they paid enrollment fees even completed the program.   No drug and alcohol rehabilitation program can or does guarantee that an enrolled student will be "cured" and never relapse again.   The facts and circumstances of each NNGA student vary, and the outcome of each student who participates in the NNGA program varies, with some remaining drug-free and others not.   Here, there is no Article III injury of which to speak, and Plaintiffs' Complaint should be dismissed for lack of standing.

## III.   CONCLUSION

The Complaint fails to state any claims against ABLE upon which relief can be granted.   ABLE is not a party to any contract with the Plaintiffs, and the alleged fraud and RICO claims fail to provide specificity as to the alleged actions by ABLE.   The remaining claims are simply not recognized as viable claims under Georgia law.   For the reasons set forth above, the Court should dismiss all claims against ABLE.

This 9th day of July 2013.

By: s/ Cari K. Dawson

Cari K. Dawson
Georgia Bar No. 213490
Daniel F. Diffley
Georgia Bar No. 221703
David B. Carpenter
Georgia Bar No. 292101
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000
Facsimile: 404-253-8567
cari.dawson@alston.com
dan.diffley@alston.com
david.carpenter@alston.com

Attorneys for Defendant
Association for Better
Living and Education
International

Matthew S. Coles
Georgia Bar No. 178020
Thomas M. Barton
Georgia Bar No. 040821
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
Telephone:  770-995-5552
Facsimile: 770-995-5582
mcoles@ColesBarton.com
tbarton@ColesBarton.com

Attorneys for Defendant Association
for Better Living and Education
International

## CERTIFICATE OF COMPLIANCE WITH
## <u>LOCAL RULE 5.1</u>

I hereby certify that the foregoing was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

This 9th day of July, 2013.

/s/  Cari K. Dawson
CARI K. DAWSON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system and caused the same to be served on counsel for all by hand delivery at the following addresses:

Jeffrey R. Harris, Esq.
Darren W. Penn, Esq.
Stephen G. Lowry, Esq.
Jed D. Manton, Esq.
Yvonne Godfrey, Esq.
Harris Penn Lowry LLP
1201 Peachtree Street, N.E.
400 Colony Square, Suite 900
Atlanta, GA 30361

*Attorneys for Plaintiffs*

Rebecca C. Franklin, Esq.
Franklin Law, LLC
400 Colony Square, Suite 900
Atlanta, GA 30361

*Attorney for Plaintiffs*

This 9th day of July, 2013.

/s/ Cari K. Dawson
CARI K. DAWSON
*Attorney for Defendant Association for*
*Better Living and Education International*

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000
(404) 881-7777 (*Facsimile*)
cari.dawson@alston.com